**ALBERT KUSUNOKI, Appellee**

v.

**J. F. DUENAS, Appellant**

Civil No. 22-A

District Court of Guam

Appellate Division

December 17, 1963

---

*Counsel for Appellee:*   BARRETT, FERENZ & TRAPP (W. SCOTT
                          BARRETT, of counsel)

*Counsel for Appellant:*   FINTON J. PHELAN, JR.

Before GILMARTIN (deceased), *Judge,* District Court of
  Guam; FURBER, *Chief Justice,* Trust Territory of the
  Pacific Islands; DUENAS, *Judge,* Island Court of Guam

## PER CURIAM

### OPINION

This is an appeal from an order of the Island Court de-
nying the motion of the defendant-appellant to set aside a
judgment entered by the said court ensuing a hearing on
default. After oral argument was heard, Judge Gilmartin
died. The remaining judges still constitute a quorum.

Defendant-appellant's first ground for a reversal of the
order was predicated on his contention that the lower court
abused its discretion in denying the motion to vacate the
judgment entered after the hearing on June 15, 1959.

156

The cause based on a complaint for damages was filed in the Island Court on October 22, 1958. The issues having been joined by an answer filed by the defendant in propria persona on November 14, 1958, the plaintiff-appellee filed on November 18, 1958 a motion to have the cause set for trial. In the meantime the defendant-appellant had retained the legal services of his present counsel. This first motion of plaintiff-appellee to set the cause for trial was followed by a series of similar motions the last one of which was filed on May 5, 1959. In the interval there were two separate notices of trials filed and served on the defendant-appellant and his counsel setting the cause for trial first on March 10, 1959 and then on March 30, 1959. The third and final notice of trial scheduled the hearing of the cause for June 15, 1959. This final notice was filed on June 11, and served on the defendant-appellant on the same date. As contended by defendant-appellant, his counsel departed from Guam on June 1, 1959, but subsequent to his departure, and preceding the date of trial, an employee of defendant-appellant's counsel informed the "office of the court" that appellant's counsel was off the island and that the cause then scheduled to be heard on June 15, 1959 should be continued until the return of counsel to the island.

On June 15, 1959 plaintiff-appellee and his counsel appeared in court. As ascertained from the record the defendant-appellant failed to appear. The court then proceeded to hear the cause and at the conclusion of plaintiff-appellee's cause the court found for said plaintiff-appellee.

On July 28, 1959 defendant-appellant filed his motion to have the judgment vacated and set aside on the ground that on the scheduled date of trial appellant's counsel was away from the island. It was this order of the court denying the motion to vacate and set aside the judgment that is now being considered under this appeal.

From the foregoing it is patently obvious that plaintiff-appellee undertook a diligent pursuit to have the cause heard on an early date, by his consistent filing of motions to have the cause set for trial. While the record is not clear as to why the cause was not heard on March 10, 1959 its first scheduled hearing date, and again on March 30, 1959 when it was scheduled for trial the second time, the consistent effort of the plaintiff to have the cause heard would lead one to safely assume that any postponement of the trial could not be properly attributed to the plaintiff. Assuming that the request made by the defendant to have the case continued because of his counsel's absence from the island could be construed as a motion for continuance, still the defendant could not properly presume that such motion for continuance is granted by the court in the absence of any express order by the court to such effect. In our opinion if there is any abuse, such abuse would properly rest on defendant by his taking undue advantage of the plaintiff's tolerance and the patience of the court. The defendant has utterly failed to show how the court has abused its discretion. Despite the absence of defendant's counsel from the island, the defendant could still have appeared in court on the date of trial as he was fully aware that such trial of the cause was scheduled for that date. He should have known ahead of time that his counsel would not be available to represent him so as to get another counsel to act on his behalf. This the defendant has failed to do.

The other points raised by the defendant as ground for reversal of the order are utterly devoid of any merit and should be disregarded.

On the basis of the foregoing the order of the lower court denying appellant's motion to have the judgment vacated and set aside, is hereby affirmed.